USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/05/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAMON VINCENT
        Petitioner,

    - against -                  05 Civ. 7852 (DAB)(KNF)
                                        ADOPTION OF
JOSEPH SMITH,                      REPORT AND
                                        RECOMMENDATION
        Respondent.
------------------------------------X
DEBORAH A. BATTS
United States District Judge.

    On July 30, 2007, Magistrate Judge Kevin N. Fox issued a Report and Recommendation recommending that Petitioner's habeas corpus petition be denied. See 28 U.S.C. § 636(b)(1)(C); Local Civil Rule 72.1(d). Petitioner has filed objections to the Report and Recommendation.

    28 U.S.C. § 636(b)(1)(c) requires the Court to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

    Petitioner contests his conviction for kidnapping in the second degree. The facts in this matter are sufficiently set forth in Judge Fox's Report and Recommendation and will not be reiterated here. Judge Fox assessed Petitioner's claim that: (1)

New York State lacked subject matter jurisdiction over kidnapping perpetrated across state lines because the Federal Kidnapping Act, as amended, 18 U.S.C. § 1201, preempts any and all state kidnapping statutes as applied to interstate kidnapping; (2) New York Criminal Procedure Law ("CPL") § 20.20, which provides the jurisdictional basis for the State to prosecute criminal offenses committed in that state, is partially unconstitutional because it is preempted with respect to interstate kidnapping; (3) New York State does not have the power under the Tenth Amendment to exercise jurisdiction over interstate kidnapping because the federal government retains exclusive authority over interstate commerce; and (4) the lack of jurisdiction to prosecute Petitioner in New York State violates his right to due process under the Fifth and Fourteenth Amendments.

Respondent argued that: (1) New York State and the federal government are separate sovereigns, thus each has the power to prosecute the petitioner for kidnapping that crosses state lines; and (2) under the doctrine of dual sovereignty, New York State retains authority, via geographical jurisdiction, to prosecute kidnapping perpetrators who commit elements of their offense within and without its borders.

Judge Fox concluded, and this Court concurs, that: (1) federal law does not preempt New York State's kidnapping statute, PL § 135.20, or the jurisdictional statute in this instance, CPL

§ 20.20; (2) CPL § 20.20 does not violate the Commerce Clause to the Constitution; and (3) the Petitioner's due process claim fails because New York State had jurisdiction over the crime for which he was convicted.

Petitioner's objections to Judge Fox's Report and Recommendation are: (1) Judge Fox was incorrect in his analysis that the Federal Kidnapping Act, 18 U.S.C. § 1201, does not preempt state prosecution of interstate kidnapping conduct; and (2) Judge Fox was incorrect in his analysis that there is a presumption against preemption as criminal law is a field traditionally occupied by the states. These objections are unfounded, as the Court agrees with Judge Fox's thoughtful Report and Recommendation in full.

As Judge Fox points out, the Federal Kidnapping Act was enacted by Congress to "*assist* the states in stamping out…kidnaping [sic]." (J. Fox R&R at 9.) (citing Chatwin v. United States, 326 U.S. 455, 463 (1946)). In no way was it meant to preempt state kidnapping laws. In addition, there is no violation of the commerce clause. Petitioner's conviction was based on kidnapping a person in New York, taking the victim out of the state, and then being apprehended in New York. All the elements of the crime took place in New York. (J. Fox R&R at 12.) Accordingly, any affect New York's kidnapping statue, PL § 135.20, has on interstate commerce is incidental. However,

regardless, PL § 135.20 is would still be valid as Congress never meant to cut off states from enacting legislation that might indirectly affect the commerce of the country. (Id. at 12-13) (citing Huron Portland Cement Co. v. City of Detroit, Mich., 362 U.S. 440, 443-444 (1960)). Finally, since Petitioner has no claim that federal law preempts the New York State kidnapping statue, he was never deprived of due process of law under the Fifth and Fourteenth Amendments.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. See United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

Accordingly, after conducting an independent de novo review of the Report and Recommendation, and reviewing the record herein, it is

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Kevin N. Fox dated July 30, 2007, is approved, adopted, and ratified by the Court;

2. The petition for a writ of habeas corpus is hereby

DENIED;

3. The Clerk of the Court is directed to dismiss the petition and close the docket in this case.

SO ORDERED

DATED:   New York, New York
         January 5, 2010

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge